UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MR. ALFRED JOSEPH, ESQ.,[1]<br><br>                Plaintiff,<br><br>-against-<br><br>THE STATE OF NEW YORK; CLERK OF COURT RECORDS OFFICE; ALL PARTIES INVOLVED & UNMENTIONED DUE TO EXCULPATORY EVIDENCE; JUDGE LAURA TAYLOR SWAIN; EL-HAG JORDAN, ESQ.; DERRICK DANIELS, MIRIAM OSBORN SENIOR LIVING MEMORIAL HOME,<br><br>                Defendants. | 23-CV-3019 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the court's diversity of citizenship jurisdiction. By order dated April 13, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, Plaintiff's complaint is dismissed.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff writes the abbreviation for Esquire after his name but does not appear to be an attorney.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Alfred Joseph, who resides in Bronx County, New York, brings this complaint using the court's general complaint form. He sues: (1) the State of New York; (2) the Clerk of Court Records Office; (3) "All Parties Involved & Unmentioned Due to Exculpatory Evidence"; (4) Judge Laura Taylor Swain; (5) Ed-Hag Jordan, Esq.; and (6) Derrick Daniels, Miriam Osborn

Senior Living Memorial Home. Plaintiff lists this court's address for the Clerk of Court Records Office and Judge Laura Taylor Swain; a White Plains, New York address for Defendant Jordan; and a Staten Island, New York address for Defendant Daniels.

He alleges that

> After researching my case #23-115 on the Records Office computer, I, Mr. Alfred Joseph were refused documents of my juxtaposition which are now evidence which I must present before the Attorney General & the District Attorney to prepare my judicial redress, which have been ordered via punitive punishment (damages) under a juxtaposed case within the White Plains Federal Court of New York. After my judicial review was wrongfully dismissed with prejudice within the 2nd Circuit Court of the District Judge Laura Taylor Swain. My case have now been given to a mock juror, whom have assumed my renewal license which have been stolen & wrongfully reregistered to a pro se litigant now claiming to be me; Jordan El-Hag (Honorable Alfred Guy Jordan); which also bares the title Esq. & presents exposition depositions concerning criminal matters conjoined with my case concerning Fernandez; & Lewis matters which I can't get copies of without payment which are being illegally solicited via bribery.

(ECF No. 1 at 5-6.)[2]

He asserts further that

> I have been deprived of my First Amendment right to free public documents from the court concerning the aforementioned criminal charges which are still violating my civil rights via the court holding exculpatory evidence away from me, which are favorable to the outcome of my civil court complaint which I have filed, won, & been laundered of with prejudice.

(*Id.* at 6.)

Plaintiff seeks the following relief:

> I want all monetary & absolute advantages of resources, which was legally awarded, with my prior real estate stock markets of USA & the UN, via the ICJ; George W. Bush Jr; Barrack H. Obama; & Robert "[illegible]" Bobby Jindal Administrators, to be relinquished to me, Mr. Alfred Joseph, along with all legacies; liberties; libel; & lost wages, which I was deprived of via the American Recovery & Reinvestment Act & Obama Cares, foster care & survivor's benefits,

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

> which was recovered away from me, along with my SSDI; SSI; A, DI; veteran benefits; civil liberties; inheritance benefits; & expense accounts, which are still being misappropriated by the SAA Administration, & the Banker's Associations of the Donald J. Trump Sr.; Joseph R. Biden Administrations; the Miriam Osborn Senior Living; & Miriam Osborne Memorial Home Association, in addition to the misappropriated properties & misappropriated funds, which are being mismanaged under the Dennis Fernandez; & the Lewis cases, which are joined under my case #23-115; #7:23-CV-00115 – PMH, #1:23-CR-00115 – JPC concerning the additional depositions & expositions of juxtaposition; which are also being deprived of my possession, dure to 'illegal fees,' which should have been awarded to me freely; just like all of my other properties, & funding, which are not being solicited; coerced; sorcered; extorted & bribed away from me.

(*Id.* at 6-7.)

A review of the court's records for the cases that Plaintiff refers to reveals that Plaintiff is not a party in these actions. *See Fernandez v. The Osborn Senior Living*, ECF 7:23-CV-0115, 16 (S.D.N.Y. Apr. 17, 2023) (dismissing action without costs and without prejudice due to settlement); *ABC v. DEF*, ECF 1:23-MC-0115, 3 (S.D.N.Y. Apr. 21, 2023) (granting permission for case to be filed under seal); *United States v. Lewis*, ECF 1:23-CR-0115, 4 (S.D.N.Y. Mar. 7, 2023) (transferring jurisdiction for supervision of releasee Leonard Marrice Lewis from the Middle District of Pennsylvania to this court).

A further review of the court's records reveals that Plaintiff has previously filed five other actions in this court, which have been dismissed for failure to state a claim, lack of subject matter jurisdiction, or as frivolous. Plaintiff filed the first action on December 27, 2022, which was dismissed by Chief Judge Laura Taylor Swain as frivolous because his factual assertions were not plausible. *See Joseph v. State of New York*, ECF 22-CV-10942, 9 (S.D.N.Y. Jan. 13, 2023). Plaintiff filed four actions in April 2023, two of which were dismissed by Chief Judge Swain for lack of subject matter jurisdiction. *See Joseph v. NYC Dep't of Fin.*, ECF 1:23-CV-3403, 5 (S.D.N.Y. July 6, 2023); *Joseph v. 2287 EDMS Realty LLC*, ECF 1:23-CV-3350, 4 (S.D.N.Y. July 5, 2023). The third action, *Joseph v. State of New York*, ECF 1:23-CV-3515, 7

(S.D.N.Y. May 17, 2023), in which Plaintiff named Chief Judge Swain as a defendant, was assigned to the Honorable Gregory H. Woods. Judge Woods dismissed Plaintiff's claims on immunity grounds, for failure to state a claim on which relief may be granted, and as frivolous. *See id*. In the fourth action, Chief Judge Swain dismissed Plaintiff's complaint for failure state a claim but granted Plaintiff 60 days' leave to file an amended complaint. *See Joseph v. Troutman Sanders LLP*, ECF 1:23-CV-3404, 5 (S.D.N.Y. Aug. 30, 2023). That order also warned Plaintiff that in light of his litigation history, should he persist in filing actions of which the court lacks jurisdiction or that are frivolous or otherwise nonmeritorious, the court will order him to show cause why he should not be barred under 28 U.S.C. § 1651 from filing new actions IFP without prior permission. *See id.* Because Plaintiff did not file an amended complaint, by civil judgment dated November 9, 2023, the complaint was dismissed for failure to state a claim. *Id.* at ECF No. 7.

## DISCUSSION

A.  **Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative."). "If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### 1.     Diversity of Citizenship Jurisdiction

Plaintiff invokes the Court's diversity of citizenship jurisdiction, but he does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction of this action. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted

Plaintiff indicates in the complaint that both he and Defendants reside in New York, and he has not attached a monetary value of at least $75,000 to his claims. Thus, Plaintiff has not shown that this Court has diversity of citizenship jurisdiction of these claims.

### 2.     Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal question jurisdiction, without pleading any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Because Plaintiff alleges that Defendants violated his rights under the First Amendment, the complaint can be construed as asserting claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To the extent that Plaintiff is attempting to assert claims under Section 1983, such claims cannot proceed against the named Defendants.

### i.    State of New York

Plaintiff's claims against the State of New York are barred by the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

### ii.   Chief Judge Swain

Plaintiff's claims against Chief Judge Swain of this Court are barred. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome

judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . .." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff has not alleged any facts showing that Chief Judge Swain acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Chief Judge Swain for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210.

The Court therefore dismisses Plaintiff's claims against Chief Judge Swain because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

### iii.     Clerk of Court Records Office

Similarly, Plaintiff's claims against the Clerk of Court Records Office of this Court must also be dismissed on immunity grounds. Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are

8

performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are generally entitled to absolute immunity); *Pikulin v. Gonzales*, No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y Apr. 5, 2007) (extending judicial immunity to the federal court clerk with respect to claims arising out of the filing and docketing of legal documents). Plaintiff's claims against the Clerk of Court Records Office must therefore be dismissed under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills*, 645 F.3d at 177.

### iv.     Private Defendants

Plaintiff's claims against El-Hag Jordan, Esq. and Derrick Daniels must also be dismissed. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private

9

counsel in state proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983). As these Defendants are private parties who are not alleged to work for any state or other government body, Plaintiff cannot state a claim against these Defendants under Section 1983.

### B. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### C. Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

counsel in state proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983). As these Defendants are private parties who are not alleged to work for any state or other government body, Plaintiff cannot state a claim against these Defendants under Section 1983.

**B.    Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**C.    Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) – (iii), and for lack of diversity of citizenship jurisdiction.

The warning to Plaintiff that, should he persist in filing actions of which the court lacks jurisdiction or that are frivolous or otherwise nonmeritorious, the court will order him to show cause why he should not be barred under 28 U.S.C. § 1651 from filing new actions IFP without prior permission remains in effect. *See Joseph*, ECF 1:23-CV-3404, 5.

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   March 28, 2024
         New York, New York

                                            _____Louis L. Stanton_____
                                                 Louis L. Stanton
                                                 U.S.D.J.